## A03A1489. EMILIO v. THE STATE.
### (588 SE2d 797)

MILLER, Judge.

In the second appearance of this case, Ricardo C. Emilio appeals his conviction on one count of trafficking in amphetamine, contending that he was denied effective assistance of counsel. As the record reveals that trial counsel's admission of bad character evidence was deficient performance, and that there is a reasonable probability that such deficiency prejudiced Emilio's defense, we reverse.

In a prior opinion, we affirmed Emilio's conviction, but remanded the case for a hearing on the issue of ineffective assistance of counsel. See *Emilio v. State*, 257 Ga. App. 49, 53 (570 SE2d 372) (2002). On remand, the trial court held an evidentiary hearing on the issue and subsequently denied Emilio's ineffective assistance claim. Emilio now appeals that ruling, contending that his trial counsel was ineffective by entering into evidence a letter sent to Emilio by his girlfriend stating that Emilio was wanted in five states.

1. To establish ineffective assistance of counsel, Emilio had the burden of proving that his attorney's performance was deficient and that the deficiency prejudiced him such that a reasonable probability existed that, but for the attorney's errors, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Usher v. State*, 258 Ga. App. 459, 460 (1) (574 SE2d 580) (2002).

The evidence at trial showed that Emilio was the passenger in a vehicle in which his girlfriend, Kimberly Mayo, was driving. Officers stopped the vehicle for a traffic violation and questioned both occupants. Mayo consented to a search of her purse and vehicle. Officers discovered more than $12,000 in cash in Mayo's purse, and a set of

scales and two plastic bags containing what was later determined to be amphetamine, in the center console of the vehicle. Both Mayo and Emilio were arrested and charged with trafficking in amphetamine. *Emilio*, supra, 257 Ga. App. at 50.

Mayo pled guilty to the lesser offense of possession with intent to distribute amphetamine and testified at trial that the drugs and money belonged to Emilio and that she only "partially" participated in trafficking. Emilio testified that the money and drugs were Mayo's. *Emilio*, supra, 257 Ga. App. at 50.

During trial, Emilio's counsel introduced into evidence letters sent to Emilio by Mayo while both were in jail following their arrests. One letter, which indicated that Mayo had asked Emilio to commit a crime, also stated that Emilio was wanted in five states and implied that the Georgia Bureau of Investigation was investigating the case. At the hearing on ineffective assistance, trial counsel testified that he did not consider the statement regarding being wanted harmful, as he had confirmed that such information was false, and that he had merely sought to use the letter to impeach Mayo when her credibility became an issue.

Generally, appellate courts are reluctant to reverse a case on the ground of ineffective assistance when the complaint urged can reasonably be construed as involving defense counsel's trial strategy. *Sydenstricker v. State*, 209 Ga. App. 418, 421 (3) (a) (433 SE2d 644) (1993); see *Harris v. State*, 257 Ga. App. 819, 824 (2) (b) (572 SE2d 370) (2002). Here the trial strategy as testified to by trial counsel was to discredit Mayo by showing that Mayo had asked Emilio to commit a crime. However, in admitting such evidence, trial counsel also presented the jury with unquestionably bad character evidence that trial counsel himself knew was false. Counsel failed to redact damaging portions of the letter that went out with the jury (or even to inform the jury that those references were false). Such statements clearly injected evidence of bad character and were inherently prejudicial in a trial where the defendant was accused of trafficking. Indeed, we have held that the admission of bad character evidence is severely restricted and have reversed convictions where such evidence was improperly injected at trial. See *Harris v. State*, 251 Ga. App. 879, 881 (3) (555 SE2d 485) (2001) (conviction reversed where testimony reflected badly on defendant's character); *Gearin v. State*, 208 Ga. App. 878, 880-882 (2) (432 SE2d 818) (1993). Therefore, we hold that here trial counsel's actions constituted deficient performance and that the trial court clearly erred in holding otherwise. See *Harris v. State*, 252 Ga. App. 849, 850-851 (1) (557 SE2d 452) (2001).

As to the second prong of an ineffective assistance claim — whether Emilio was prejudiced by his counsel's mistake in that there was a reasonable probability that the jury's verdict would have been

different — we hold that the trial court erred in finding Emilio had not met his burden. Emilio claimed that the drugs belonged to Mayo, and Mayo claimed that the drugs belonged to Emilio and that she only "partially" participated in trafficking. The only evidence linking Emilio to trafficking, other than the testimony of accomplice Mayo, was his presence in the vehicle where the drugs were found. The evidence to support Emilio's conviction is not overwhelming, and under these circumstances, we must conclude that there is a *reasonable probability* that the outcome would have been different had it not been for trial counsel's deficient performance.

Here, the evidence clearly reflects that trial counsel's admission of the letters without redacting the damaging statements of bad character constituted deficient performance, and that Emilio was prejudiced thereby. Thus, we reverse Emilio's conviction and remand for a new trial.

2. In light of our holding in Division 1, we need not address Emilio's remaining claims of error.

*Judgment reversed and case remanded. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 10, 2003.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.