*723
 
 SMITH, Chief Judge.
 

 Gregory Alfredo Vann was convicted of two counts of armed robbery, two counts of possession of a firearm during the commission of a crime, two counts of possession of a firearm by a convicted felon, and one count of aggravated assault. His motion for new trial, as amended, was denied. Vann appeals, contending that he was denied effective assistance of counsel. For the reasons that follow, we agree with Vann that trial counsel was ineffective for failure to move to sever the charges of possession of a firearm by a convicted felon. We therefore reverse the lower court's denial of Vann's motion for new trial.
 

 This case arises out of two armed robberies, which occurred on July 21 and August 11, 1999. The victim of the first robbery testified
 

 **239
 

 that at approximately 10:45 a.m., she was sitting at her desk at the driving school she owned, when a man approached and repeatedly told her to "give me the keys to them cars." When she told the man that she did not have any keys, "he pulled out a gun, stuck it in front of my face and says, now give me a key to a car," and he demanded that she give him her purse. He took her purse and ran out of the building. More than $3,200 was taken from the business.
 

 On the day of the robbery, the victim told police that she could not identify the gunman. Six months later, however, she identified Vann as the perpetrator from a photographic lineup. At trial, she demonstrated some confusion as to the identity of the gunman. She first identified Vann's codefendant as the gunman. After further questioning, during which she stated that she was nearsighted, she put her glasses on and identified Vann as the gunman.
 

 Immediately after she was robbed, the victim went into another room of the business and told her husband about the incident. The husband testified that he ran outside and saw the gunman running toward the end of an alleyway, and he also saw another man standing beside a dumpster. This witness could not identify the gunman, but he identified the man near the dumpster as Darnell White, Vann's codefendant.
 

 The victim of the second robbery testified that as she was exiting her vehicle upon arriving for work at a Subway restaurant at approximately 7:30 a.m., a masked man carrying a gun ran out of some bushes. She hurried into the shop and closed and locked the glass door. The man pointed the gun toward her, and the victim hid behind a wall inside the shop. The man then shot through the door, came inside, and grabbed the victim, dragged her to the cash register, and demanded that she open it. When she explained that she could not open the register, he demanded that she give him money from the cash box located underneath the counter. The man grabbed the money from the cash box, as well as the victim's purse, and he left the premises. The victim followed him outside and saw him running away, followed by another individual whom she later identified as Antonio Mobley. The victim could not positively identify the gunman, however. She stated only that Vann's "body build fits the person that robbed me."
 

 Mobley testified, admitting his involvement in the Subway robbery. He stated that Vann had told him "he needed a little money so he wanted to rob the Subway." Mobley, whose girlfriend was a Subway employee, acted as a lookout outside while Vann committed the robbery.
 

 1. Vann contends that trial counsel rendered ineffective assistance by failing to move to sever the charges of possession of a firearm by a convicted felon. He had pled guilty on one count of theft by
 

 **240
 

 receiving stolen property in December 1993, and this felony conviction was admitted without objection in the trial of this case. During the hearing on Vann's motion for new trial, his trial counsel testified that his decision to not move for severance was strategic, stating that he had "almost rather the jury know" about the prior conviction. He testified that admission of this evidence "was almost beneficial to us" because the jury would have been wondering whether Vann had a prior conviction.
 

 Under the standard of
 
 Strickland v. Washington,
 

 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984), to prevail on an ineffectiveness claim, an appellant must show that his trial counsel's performance was deficient and that but for that deficiency, a reasonable
 
 *724
 
 probability exists that the outcome of his trial would have been different.
 
 Emilio v. State,
 

 263 Ga.App. 604
 
 (1),
 
 588 S.E.2d 797
 
 (2003). Appellate courts are generally "reluctant to reverse a case on the ground of ineffective assistance when the complaint urged can reasonably be construed as involving defense counsel's trial strategy. [Cits.]"
 
 Id. at 605
 
 ,
 
 588 S.E.2d 797
 
 . Here, however, it appears that trial counsel misunderstood the law concerning admission of bad character evidence.
 

 In
 
 Head v. State,
 

 253 Ga. 429
 
 ,
 
 322 S.E.2d 228
 
 (1984), our Supreme Court formulated a bifurcation procedure to be used when a defendant is charged with possession of a firearm by a convicted felon, in addition to other crimes. If the prior conviction is unrelated to the remaining charges, upon motion a trial court
 

 shall bifurcate the proceedings in such manner that the jury shall hear and determine first the more serious charge, and under circumstances where the jury is unaware of the pendency of the possession charge. That is to say, the jury will, in one trial, determine the question of guilt or innocence as to the more serious charge. Thereafter, whether the defendant be convicted or acquitted of the more serious charge, it shall undertake to try and determine the possession of firearms charge.
 

 Id. at 431-432
 
 (3)(a),
 
 322 S.E.2d 228
 
 . This procedure helps to avoid "the admission of irrelevant and prejudicial evidence."
 
 Id. at 430
 
 (1),
 
 322 S.E.2d 228
 
 .
 

 When the State introduced the prior conviction, Vann's character was undoubtedly placed in evidence. And the prior conviction was unrelated to the charges for which Vann was being tried, with the exception of the charge of possession of a firearm by a convicted felon. See
 
 Harris v. State,
 

 252 Ga. App. 849
 
 , 850(1),
 
 557 S.E.2d 452
 
 (2001). The conviction placed before the jury "the forbidden (albeit perhaps the most illuminating) realm of character and propensity for violent crimes."
 
 Head,
 

 supra at 431
 
 (2),
 
 322 S.E.2d 228
 
 . "It is clear that, under
 
 Head,
 
 absent
 

 **241
 

 a compelling reason to do otherwise, trial counsel should have moved the trial court to bifurcate the trial so that the jury could consider whether [Vann] committed the other offenses before hearing proof of the firearm possession offense and without the taint of bad character evidence." (Footnote omitted.)
 
 Harris,
 
 supra at 850-851,
 
 557 S.E.2d 452
 
 . Under the circumstances of this case, since trial counsel failed to support his failure to move for severance with any "compelling reason,"
 
 id.,
 
 we conclude that trial counsel's performance was deficient.
 

 Having determined that trial counsel rendered deficient performance, we now turn to the question of whether Vann was harmed. The State contends that Vann suffered no harm because the prior conviction was admitted into evidence through a certified copy of the conviction without reference to its contents, and the conviction was mentioned only "once in passing in a lengthy closing argument." But even if the prior conviction was mentioned only once, trial counsel did not request a charge that the jury limit its consideration of the prior conviction to the charges of possession of a firearm by a convicted felon. "[T]he jurors likely felt free to consider the evidence for whatever purpose they saw fit, including improperly judging [Vann's] character and credibility." (Footnote omitted.)
 
 Harris,
 
 supra at 851,
 
 557 S.E.2d 452
 
 .
 

 In addition, the evidence against Vann was far from overwhelming. The first victim's out-of-court identification occurred six months after the incident, and that victim expressed some confusion at trial as to Vann's identity. Furthermore, even though Antonio Mobley testified that Vann committed the Subway robbery, the corroboration of his testimony was slight. Of course, slight evidence of a defendant's participation in a criminal act can constitute sufficient corroboration of an accomplice's testimony. See, e.g.,
 
 Kenney v. State,
 

 196 Ga.App. 776
 
 , 777(3),
 
 397 S.E.2d 131
 
 (1990). Here, we make no ruling on the sufficiency of the corroboration, as that issue is one for the jury to decide.
 
 Bush v. State,
 

 267 Ga. 877
 
 , 878-879,
 
 485 S.E.2d 466
 
 (1997). We conclude simply that even assuming Mobley's testimony was sufficiently corroborated, the evidence against Vann was not overwhelming. Given this fact, in addition to the trial court's failure to give a limiting instruction concerning the purpose for which the jury could
 
 *725
 
 consider the prejudicial evidence, we are constrained to conclude that but for trial counsel's failure to move for severance of the possession by a convicted felon charges, a reasonable probability exists that the outcome of the trial would have been different. See
 
 Harris,
 

 supra at 852
 
 ,
 
 557 S.E.2d 452
 
 . Vann is entitled to a new trial.
 

 2. Because we cannot determine whether Vann's remaining contentions will recur on retrial, we do not address them here.
 

 Judgment reversed.
 

 RUFFIN, P.J., and MILLER, J., concur.