S06A0870. WHITE v. SMITH.
(637 SE2d 686)

MELTON, Justice.

In *White v. State*, 257 Ga. App. 861 (572 SE2d 692) (2002), the Court of Appeals affirmed Gregory White's 1998 convictions for burglary, theft by taking, and theft by receiving. In February 2005, the habeas court ruled that White had received ineffective assistance from his appellate counsel and ordered that White be granted "a new appeal on any issue." We granted review to determine whether it is now incumbent upon the habeas court to (1) award petitioner a new trial, or (2) undertake an analysis of trial court error to determine whether a new trial is appropriate.

Because evidence supports the habeas court's conclusion that White's appellate counsel rendered ineffective assistance,[1] there is no need for the habeas court to undertake any further analysis of trial court error. We therefore affirm that portion of the habeas court's order finding that White's appellate counsel rendered ineffective assistance.

In light of this disposition, the only issue that remains here is whether the grant of a new appeal was an appropriate remedy for the habeas court to fashion in light of its finding of ineffective assistance. As this Court has previously held, "a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal is not entitled to a second direct appeal from his judgment of conviction." (Citations and punctuation omitted.) *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003). Since White's conviction has already been reviewed on direct appeal, "the habeas corpus court erred in ordering a new appeal for [White]. The proper remedy would have been to order a new trial. Consequently, we reverse the judgment of the habeas corpus court and remand the case for entry of an order granting [White] a new trial." Id. at 714.

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 20, 2006.

Gregory L. White, *pro se.*

*Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.

*Sarah L. Gerwig-Moore, James C. Bonner, Jr.,* amici curiae.

---

[1] The habeas court made an express finding that White "met his burden of showing that his Appellate attorney's performance was deficient and that the deficient performance prejudiced the defense," based on, among other things, evidence that White's appellate counsel allowed 33 months to pass without making any attempt to obtain a hearing on the motion for new trial; lost White's case file; and did not ask that the motion for new trial hearing be transcribed, which resulted in an insufficient record to support a potentially meritorious appellate claim that several jurors were not allowed to testify about whether they were influenced by seeing and discussing a docketing calendar that referenced a pending child molestation case against White at the time of his burglary trial. We find that evidence supported the habeas court's conclusion that White's appellate counsel rendered ineffective assistance. See *Nelson v. Hall*, 275 Ga. 792 (573 SE2d 42) (2002) (failure to raise meritorious appellate argument constituted ineffective assistance); see also *Emilio v. State*, 263 Ga. App. 604 (588 SE2d 797) (2003) (deficient performance and reasonable probability of juror prejudice shown from defense counsel's introduction of bad character evidence).