667 S.E.2d 676 (2008)
FARRIS
v.
The STATE.
No. A08A1394.
Court of Appeals of Georgia.
September 10, 2008.
Reconsideration Denied September 24, 2008.
*677 James David Michael, Decatur, for Appellant.
Daniel J. Porter, Dist. Atty., Tracie Hobbs Cason, Asst. Dist. Atty., for Appellee.
MILLER, Judge.
A Gwinnett County jury found James Ford Farris guilty of two counts of incest, one count of aggravated child molestation, and one count of child molestation.[1] On appeal, Farris claims that he received ineffective assistance of trial counsel. For the reasons set forth below, we disagree and affirm.
Viewed in a light most favorable to the jury's verdict, the evidence shows that Farris moved with his wife, his son, and his two stepdaughters, J.D. and J.L., from Wisconsin to Georgia in September 1999. At the time of the move, J.D. was 14 years old and pregnant with Farris's child, who was born several months later. At Farris's direction, she told her mother that a boyfriend was the father. Farris resumed having sexual intercourse with J.D. shortly after she gave birth. When J.D. threatened to tell her mother about the sexual abuse, Farris responded that he would kill J.D. and their child.
J.L. was ten or eleven years old when the family moved to Georgia. Before the move, Farris had begun having sexual intercourse with J.L. and continued to do so after the family arrived in Georgia. Farris also engaged in sexual acts with J.L. that included touching her breasts with his hands and his mouth, and placing his penis in her mouth.
Farris and his wife began having marital problems, and she moved out of the house, taking with her the couple's son, J.D., and J.L. In July 2002, Mrs. Farris learned that Farris had been awarded full custody of the couple's son. She then asked J.D. and J.L. if they knew of anything that would prevent Farris from having custody of their half-brother, asking specifically whether Farris had ever touched them inappropriately. J.L. and J.D. admitted to their mother that Farris had been sexually abusing them for years. J.D. also told her mother that Farris was the father of her son.
Shortly after these disclosures, J.D. and J.L. were interviewed by an officer with the Gwinnett County Police special victim's unit, and they also underwent a forensic medical exam. In the opinion of the nurse examiner, the results of these exams were consistent with the sexual abuse alleged by each girl. DNA testing confirmed that Farris was the father of J.D.'s child.
Farris claims that the trial court erred in finding that his trial counsel was effective.
[T]o prevail on a claim of ineffective assistance, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome *678 of the trial would have been different. Appellant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo.
(Citation omitted.) Glidewell v. State, 279 Ga.App. 114, 121(7), 630 S.E.2d 621 (2006). Further, "[a]ppellate courts are generally reluctant to reverse a case on the ground of ineffective assistance when the complaint urged can reasonably be construed as involving defense counsel's trial strategy." (Citation and punctuation omitted.) Vann v. State, 266 Ga.App. 238, 240(1), 596 S.E.2d 722 (2004).
1. Farris contends that his trial counsel was ineffective in failing to attack the validity of the search warrant used to obtain a sample of his DNA. At the hearing on the motion for new trial, defense counsel confirmed that he reviewed the affidavit that served as the basis for the search warrant, and elected not to challenge the warrant.
Farris contends that the supporting affidavit omitted material information because it failed to disclose that J.D.'s and J.L.'s outcry of sexual misconduct was made during a conversation with their mother shortly after she lost primary custody of her son. "[I]f a court determines that an affidavit contains material false representations or omissions, the false statements must be deleted, the omitted truthful material must be included, and the affidavit must be reexamined to determine whether probable cause exists to issue a warrant." (Punctuation and footnote omitted.) Moss v. State, 275 Ga. 96, 102-103(13), 561 S.E.2d 382 (2002).
Assuming, without deciding, that the omitted information was material, and considering the affidavit as if the information had been included, there remained probable cause for issuing the search warrant. According to the original affidavit, J.D. informed the affiant that Farris was the father of her two-year-old son and that she had never had sex with anyone else. Therefore, the original affidavit showed a substantial basis for the magistrate to conclude that a crime had been committed and that evidence of that crime would be found in Farris's blood. See Coleman v. State, 271 Ga. 800, 803(4), 523 S.E.2d 852 (1999) (In determining the existence of probable cause for a search warrant, a "magistrate's task ... is simply to make a practical, common-sense decision" as to whether the affidavit demonstrates "a fair probability that evidence of a crime will be found in a particular place.")(Citation omitted).
Moreover, given the assertion of J.D. as to her son's paternity, the information that Farris claims was improperly omitted from the affidavit does not alter the basis for the issuance of the search warrant. See Ferrell v. State, 256 Ga.App. 692, 694(1), 569 S.E.2d 899 (2002) (Noting that the statements of a victim are sufficient to support a conviction for child molestation and that "[n]o requirement exists that this testimony be corroborated.")(Citation omitted). While this information might have shown that the children had a motivation to be untruthful, it would not have shown that the affiant had reason to believe the victims had lied.
We conclude that if Farris's trial counsel had challenged the affidavit on the basis that it had omitted material information, the challenge would not have been successful. It follows that Farris's trial counsel was not deficient in failing to make such a challenge. See Bryant v. State, 282 Ga. 631, 639-640(8), 651 S.E.2d 718 (2007).
2. Farris claims that his trial counsel was ineffective in failing to object to trial testimony concerning the alleged physical abuse of his step-daughters. We disagree.
J.D. testified that Farris would sometimes beat her with a belt. J.L. testified that Farris had hit her with a hanger and a vacuum cleaner cord. Their mother and an investigator also testified that the children told them about the beatings. According to Farris, this evidence was irrelevant to the crimes charged and served only to inflame the jury, and, if admissible as a prior difficulty, was subject to a limiting instruction. See *679 Wall v. State, 269 Ga. 506, 509-510(2), 500 S.E.2d 904 (1998).
Farris's trial counsel testified at the hearing on the motion for new trial that he did not object to this testimony because, in light of relevant law, he believed that "the prior difficulties were coming in." This was a reasonable conclusion.
[E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.
(Citations omitted.) Wall, supra, 269 Ga. at 509(2), 500 S.E.2d 904.
Accordingly, trial counsel decided not to object to the prior difficulties testimony but instead elected to use it to bolster the defense theory of the case, which was that J.D. and J.L. were not credible. Trial counsel believed that the only defense against the prior difficulties was to show that they were part of a series of claims so "outlandish" that they could not be believed. Furthermore, trial counsel felt that the inference that the victims lied about the beatings was supported by their mother's testimony that she noticed no signs of physical abuse and by the lack of physical evidence to support the allegations. Given the foregoing, "[t]he trial court was authorized to find that counsel applied a valid trial strategy, and that he was not ineffective for making the tactical decision not to object to" the introduction of the prior difficulty evidence or to move for a limiting instruction. Hill v. State, 276 Ga. 220, 223(5), 576 S.E.2d 886 (2003).
3. Farris further contends that his trial counsel was ineffective in soliciting testimony that Farris had used illegal drugs. Specifically, he maintains that while cross-examining J.D., defense counsel introduced the subject of Farris's illegal drug use, and that the introduction of this evidence was inherently prejudicial and opened the door for the State to pursue the topic.
On cross-examination of J.D., defense counsel established that either J.D. or J.L. asked their mother, "what you all could do to help get custody back or prevent Mr. Farris from taking custody [of their brother]," but that they did not immediately tell their mother that Farris had sexually abused them. He asked J.D., "at first you and [J.L.] started talking to [your mother] about some alleged drug use of Mr. Farris; correct?" She responded affirmatively. He then confirmed that the drug use was the first thing they had told their mother, but that their mother had continued to question them about Farris.
Defense counsel testified that he elicited this testimony to undermine the credibility of J.D. and J.L.  i.e., to convince the jury that "these two witnesses were capable of saying anything about [Farris]." Given the charges against Farris, trial counsel concluded that there was more to gain than to lose by introducing this evidence. This was a reasonable decision. The testimony established (i) that the victims made an outcry of sexual abuse in the context of having first volunteered to help their mother gain custody of their half-brother; (ii) that the actual accusation of sexual abuse was made only after J.D. and J.L. claimed that Farris had used drugs and their mother had asked them if there was "anything else" that would prevent Farris from gaining custody of the couple's son; and (iii) that, when asking for additional information that could be used against Farris, their mother specifically asked J.D. and J.L. if Farris had ever touched them inappropriately.
In light of trial counsel's testimony, the trial court properly concluded that defense counsel's questioning of J.D. about the entire circumstances of her outcry of sexual abuse, including the allegation that Farris had used drugs, was part of a valid trial strategy. That this strategy was ultimately unsuccessful in securing a defense verdict on all charges does not show that trial counsel's actions were objectively unreasonable. "The standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel *680 rendering reasonably effective assistance." (Citation and punctuation omitted.) Harris v. State, 280 Ga. 372, 375(3), 627 S.E.2d 562 (2006).
The cases cited by Farris in his brief do not demand a different conclusion, because there was no evidence that the alleged errors of trial counsel in those cases were part of a valid trial strategy. See Whitaker v. State, 276 Ga.App. 226, 226-227(1), 622 S.E.2d 916 (2005); Emilio v. State, 263 Ga.App. 604, 605(1), 588 S.E.2d 797 (2003). Rather, trial counsel in those cases inadvertently introduced evidence showing that their client had been charged with other, substantially similar crimes.
For the reasons set forth above, we affirm the trial court's denial of Farris's motion for a new trial.
Judgment affirmed.
BLACKBURN, P.J., and ELLINGTON, J., concur.
NOTES
[1] Farris was found not guilty of three counts of child molestation and one count of aggravated child molestation.