**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 23, 2013**

# In the Court of Appeals of Georgia

A13A0686. VANN v. THE STATE.                                                    DO–26 C

DOYLE, Presiding Judge.

After a bench trial, Gregory Vann was found guilty of armed robbery,[1] aggravated assault,[2] possession of a firearm during a crime,[3] and possession of a firearm by a convicted felon.[4] The trial court denied his motion for new trial, and he appeals, arguing that his conviction should be reversed because it was based on the uncorroborated testimony of his accomplice.[5] For the reasons that follow, we affirm.

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a) (1).

[3] OCGA § 16-11-106 (b) (1).

[4] OCGA § 16-11-131 (b).

[5] Vann was acquitted of charges related to another armed robbery that occurred prior to the incident from which the instant charges stem.

This is the second appearance of this case before this Court. After Vann's first trial, he appealed, and this Court reversed his convictions based on his claim of ineffective assistance of counsel.[6] Vann was retried, and this appeal followed.

> On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[7] This same standard applies to our review of the trial court's denial of [the Defendant's] motion for new trial. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[8]

So viewed, the evidence shows that Sandra Carter arrived for her job at a fast food restaurant around 7:15 a.m. on August 11, 1999. A man in a ski mask, who was carrying a gun, approached her from nearby shrubs, but she was able to run inside and lock the door behind her. The gunman shot the glass door and gained entry into the building, and when Carter could not open the register quickly, he told her to open the

---

[6] See *Vann v. State*, 266 Ga. App. 238 (596 SE2d 722) (2004).

[7] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[8] (Footnotes omitted.) *Stephens v. State*, 247 Ga. App. 719 (545 SE2d 325) (2001).

2

safe, which was concealed as part of the counter area of the store, and when she could not open the safe quickly either, he told her to open the cash box, which was hidden underneath a stack of cup carriers. The gunman, whom she described as about 5'10", 160-170 pounds, with "dark, kind of brownish shade [skin]" that "wasn't dark, but . . . a little on the tannish side," wearing a dark-colored shirt, dark-colored long pants, and white shoes, took about $150 in bills and rolled coins from the cashbox, which currency he put into a dark blue bookbag. In court, Carter identified Vann as the individual who robbed her based on his general physical description.

As Vann ran from the store, Carter saw another man, who was slightly taller than the gunman, run across the street and behind another building with Vann towards an area of town known as Benning Hills. She described that second man as being familiar to her and as wearing khaki pants and a multi-striped shirt, and he put his baseball cap over his face when he saw her looking at him. About three and a half hours after the robbery, Antonio Mobley was found walking along the street in the Benning Hills area within a mile of the restaurant, carrying a book bag, which contained a CB&T money bag, rolled coins, and a ski mask. Officers brought the CB&T money bag back to the restaurant, where Carter positively identified it as being the one taken from her earlier. After his arrest, Mobley implicated himself as

3

the lookout in the robbery, and based on his statement to officers, an arrest warrant was issued for Vann, who was later arrested when he was stopped for speeding in Louisiana on April 28, 2000.

In court, Mobley read from his testimony at a previous trial, in which he testified that Vann had approached him about robbing the restaurant, but Mobley was opposed to the robbery because his girlfriend at the time worked at the restaurant. Mobley testified that Vann brandished the weapon and committed the robbery while he was outside the building, and the men dumped the bag with the proceeds and split up after the robbery. Mobley went back to his house and later returned to the place where the two had put the bag, when he was apprehended by an officer.

Based on the facts above, the trial court, acting as fact-finder, found Vann guilty of the charges related to the robbery of the restaurant. Vann's motion for new trial was denied, and this appeal followed.

In his sole enumeration on appeal, Vann contends that there was insufficient evidence to corroborate Mobley's accomplice testimony implicating Vann in the robbery to support the guilty verdicts.

> [T]he testimony of a single witness is generally enough to establish a fact, unless the witness, like [Mobley], is an accomplice to

4

the crime, in which case such testimony must be corroborated.[9] Although a defendant may not be convicted on the uncorroborated testimony of an accomplice, only slight evidence of a defendant's identity and participation from an extraneous source is required to corroborate the accomplice's testimony and support the verdict. Sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his . . . participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice. . . . And whether the State presents sufficient corroboration of the accomplice's testimony is peculiarly a matter for the [fact-finder] to determine.[10]

In reviewing the evidence presented at trial, it is clear that Carter's testimony corroborating Mobley's accomplice testimony was slight.[11] She admitted on cross-examination that she was not able to positively identify Vann as the robber because the robber had worn the ski mask the entire time and because a number of people in Columbus fit the same physical description as the man who robbed her. Carter also

---

[9] See OCGA § 24-14-8, formerly OCGA § 24-4-8.

[10] (Citations and punctuation omitted.) *Hines v. State*, __ Ga. App. __ (1) (__ SE2d __) (Case No. A12A2455; decided Mar. 27, 2013).

[11] See *Gilmore v. State*, 315 Ga. App. 85, 91-92 (1) (d) (726 SE2d 584) (2012) ("If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient.").

admitted that only an employee or someone affiliated with an employee would have known about the location of the change box or the safe because both were camouflaged from plain sight, and the individual who robbed her knew of the existence and location of both the cashbox and the safe. And Mobley's girlfriend was also an employee at the restaurant. Furthermore, Carter's in-court description of the clothing worn by the robber did not match the description she provided to officers on the day of the robbery, which described the gunman as being of a heavier build, with a red and white striped long-sleeved shirt and the second man as having worn an orange and yellow shirt and also wearing a ski mask. Both of these descriptions varied from Mobley's description of Vann's clothing, which consisted of shorts, which he thought were green, and brown shoes.

Nevertheless, Carter did identify Vann as the robber brandishing the weapon based on his build and skin tone.[12] Vann's attorney thoroughly cross-examined Carter and illuminated the weaknesses in her testimony, including the fact that her identification was based on the defendant's build, which was similar to any number

---

[12] Compare with *Hill v. State*, 236 Ga. 831, 833 (225 SE2d 281) (1976) (reversing conviction for lack of corroborating evidence because "[n]o one . . . identified appellant, *by size*, race, voice, mannerisms, appearance or otherwise, as a participant in the crimes other than the alleged accomplice. . .") (emphasis supplied).

6

of other people in the area. Vann's attorney also emphasized to the fact-finder the weaknesses in the theory of the case presented by the State, including the fact that Mobley was the only individual connected to the robbery in any way, including his possession of the stolen items, his presence in the Benning Hills area after the crime, and his girlfriend's connection to the restaurant and its logical inference that he would have knowledge of the locations of the hidden safe and cashbox. These weaknesses, however, relate to the credibility and weight of the evidence, which were matters for the fact-finder.[13] Accordingly, the trial court did not err by denying Vann's motion for new trial on this issue.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[13] See *Hines*, __ Ga. App. at __ (1) (a). Compare with *Gilmore*, 315 Ga. App. at 91 (1).