**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A1927. COUCH v. THE STATE.

MCFADDEN, Judge.

Casper Couch appeals from his convictions for rape, child molestation, false imprisonment and burglary. He challenges the sufficiency of the evidence to support these convictions and argues that the trial court should have suppressed DNA evidence. Because the evidence was sufficient and the DNA evidence was obtained pursuant to a valid search warrant, we affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal convictions, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,

443 U. S. 307, 319 (III) (B) (99 Sct 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). So viewed, the evidence showed that the night of September 19, 2003, a man entered a residence where I. H., then 11 years old, was spending the night with her aunt. I. H., who had been sleeping on a sofa, awoke to find herself on a mattress on the floor with her panties down at her feet. She went back to sleep. Later, she awoke to find that her panties had been removed and a man was on top of her, holding her by her hands so she could not move. She tried to get up but the man would not let her, and he told her that if she got up he would "knock [her] back down." She again tried to get up and the man broke her hand. I. H. tried to scream but could not because the man was applying weight to her chest. The man then pushed what I. H. believed to be his penis into her vagina, causing her pain; she testified that it could not have been his hands or fingers because he was holding her down with his hands at the time. The man then escaped through the back door of the residence. I. H. immediately told her aunt what had happened.

I. H. initially identified someone other than Couch as her assailant. But Couch's DNA matched that of seminal fluid found on I. H.'s clothing. Couch also was seen near the house shortly after the rape, and his shirt was found in the residence.

From this evidence a reasonable trier of fact could find beyond a reasonable doubt that Couch committed the offenses of rape, OCGA § 16-6-1 (a) (1) (person commits offense of rape when he has carnal knowledge of a female forcibly and against her will); child molestation, OCGA § 16-6-4 (a) (1) (person commits offense of child molestation when he does any immoral or indecent act to or in presence of child under age of 16 with intent to arouse or satisfy his sexual desires or those of child); false imprisonment, OCGA § 16-5-41 (a) (person commits offense of false imprisonment when, in violation of another's personal liberty, he arrests, confines, or detains such person without authority); and burglary, OCGA § 16-7-1 (b) (person commits offense of burglary when, without authority and with intent to commit a felony, he enters the dwelling house of another).

2. *Motion to suppress DNA evidence.*

Couch argues that the trial court erred in denying his motion to suppress the DNA evidence, which the state obtained pursuant to a search warrant. At the hearing on Couch's motion, a Georgia Bureau of Investigations agent testified that she assumed responsibility for the investigation in this case after the death of the agent who had initiated the investigation. She reviewed the files, which indicated that Couch's DNA (obtained from a blood sample that the first agent had taken from

Couch with Couch's consent) matched the DNA found on I. H.'s clothing. Based on this information, the second agent sought a warrant to obtain a saliva sample from Couch for DNA testing. In a supporting affidavit, the second agent described the information she had obtained from the first agent's records.

Couch argues that the magistrate court lacked probable cause to issue a search warrant. See OCGA § 17-5-30 (a) (2) (defendant may move to suppress items obtained with search warrant on the ground that the warrant was illegal because there was not probable cause for its issuance). In determining probable cause, the magistrate's task is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009) (citations omitted). "[A]n affidavit supporting a search warrant may be based on hearsay information as long as there is a substantial basis for crediting the hearsay." *Deal v. State*, 199 Ga. App. 184, 185 (1) (404 SE2d 343) (1991) (citation and punctuation omitted). The appellate court's duty

4

is to determine if there was a substantial basis for concluding that probable cause existed to issue the search warrant. Doubtful cases should be resolved in favor of upholding the determination that issuance of a warrant was proper, reflecting both a desire to encourage use of the warrant process by police officers and a recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case.

*Glenn v. State*, 288 Ga. 462, 466 (3) (d) (704 SE2d 794) (2010) (citations and punctuation omitted).

The second agent's affidavit was based on information she retrieved from the file assembled by the original investigating agent. That information included the match of Couch's DNA to that in seminal fluid found on I. H.'s clothing. It provided a substantial basis for concluding that probable cause existed to issue the search warrant to obtain further DNA from Couch. The trial court did not err in denying the motion to suppress.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*