A07A1100. STARLING v. THE STATE.
(646 SE2d 695)

BLACKBURN, Presiding Judge.

Following a jury trial, Uarsken Starling appeals his conviction of aggravated assault and possession of a firearm by a convicted felon, contending that he received ineffective assistance of counsel, in that his trial counsel failed to stipulate to his felon status or to obtain a jury charge limiting the jury's consideration of Starling's criminal history. With respect to the aggravated assault conviction, we hold that trial counsel's performance was deficient, and because the deficiency directly threatened Starling's defense, there is a reasonable probability that the outcome of Starling's trial would have been different. With respect to the possession of a firearm by a convicted felon, the deficiency did not result in a reasonable probability that the trial outcome would have been different. We therefore affirm in part and reverse in part.

---

To establish ineffective assistance of counsel under *Strickland v. Washington*,[1] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

(Punctuation omitted.) *Hayes v. State*.[2] "[T]he question of ineffectiveness, including both the performance and prejudice prongs, is a mixed question of law and fact. . . . [W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*.[3]

The record shows that Starling had been sporadically arguing and trading threats with a neighbor and the neighbor's friends, at one point causing a witness to call the police when the neighbor displayed a gun. The police responded, warned everyone to stay away from each other, and left the scene. As observed by two witnesses watching from a house across the street, when Starling again walked past the neighbor's yard, an argument ensued and a crowd formed. Both witnesses (and Starling himself) testified that Starling had a handgun. As the threats escalated, the group backed away, leaving Starling arguing face to face with the victim.

One witness testified that she saw Starling shoot the victim three times before Starling fled, holding a handgun. A second witness testified that he saw Starling with a gun arguing with the victim, but that witness explained that he moved away from the window for a short time only to hear three shots, and upon looking back out the window, the witness saw the victim on the ground and Starling leaving the scene holding a handgun. Starling testified and admitted to arguing with the victim and hearing shots, but he denied that he fired his gun. The victim was hit in the groin, arm, and stomach, and died of his wounds.

Starling was indicted for malice murder,[4] two counts of felony murder[5] (predicated on aggravated assault and possession of a firearm by a convicted felon), aggravated assault,[6] and possession of a firearm by a convicted felon.[7] Following a jury trial, Starling was

---

[1] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).
[2] *Hayes v. State*, 281 Ga. App. 749, 750-751 (637 SE2d 128) (2006).
[3] *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000).
[4] OCGA § 16-5-1 (a).
[5] OCGA § 16-5-1 (c).
[6] OCGA § 16-5-21 (a) (2).
[7] OCGA § 16-11-131 (b).

acquitted of the murder charges and found guilty of aggravated assault and possession of a firearm by a convicted felon.

On his motion for a new trial, Starling engaged new counsel who argued that Starling received ineffective assistance of counsel, in that trial counsel failed to stipulate to Starling's felon status, elicited testimony from Starling about the nature of his prior felonies, and failed to obtain a jury instruction limiting the jury's consideration of Starling's prior felonies. After a hearing, the trial court denied Starling's motion, giving rise to this appeal.

a. *Deficient Performance*

Here, evidence was admitted detailing Starling's prior guilty pleas to aggravated assault (for hitting someone with a gun) and possession of a firearm by a first offender. The State relied on these convictions to establish Starling's felon status for purposes of the charge of possession of a firearm by a convicted felon. While proof of Starling's felon status was admissible, during trial, Starling's trial counsel first failed to stipulate to Starling's felon status,[8] and later elicited testimony from Starling detailing the facts surrounding his criminal history. A proper stipulation, to which the State did not apparently object, would have avoided exposing the jury to the following information brought out at trial: (a) that Starling stated on direct that "I had a receiving stolen property and I had aggravated assault. I didn't have no weapon then. I did draw blood and I got caught with a possession of a firearm by a convicted felon. And that was a small pistol. They took that," (b) that Starling had committed a prior aggravated assault involving a gun (elicited on cross-examination via Starling's admission to his guilty plea to an indictment read to the jury and describing the crime), and (c) that Starling had committed possession of a gun by a first offender (elicited on cross-examination via Starling's admission to a guilty plea).[9]

At the close of the first day of trial, Starling's trial counsel did orally request a limiting instruction with respect to the evidence of Starling's criminal history, and the trial court agreed to give one. However, the next day, when the actual jury charge was given, the

---

[8] There was a brief discussion among the trial court and counsel to the effect of stipulating to Starling's felon status. Although the State agreed that it was "stipulating that at the time of [the crime, Starling] was a convicted felon," the trial court interpreted the discussion to merely prevent the indictments themselves (to which Starling pled guilty) from going out with the jury. Instead, the indictments were read to the jury, including the factual bases for the crimes, with no objection by Starling's trial counsel.

[9] This information exceeded what was contained in the indictment, which was read to the jury and which noted Starling's prior aggravated assault conviction (as the basis for possession of a firearm by a convicted felon) without reference to his use of a gun in the prior aggravated assault.

trial court omitted the limiting instruction, and Starling's trial counsel did not object to the charge, reserve objections, or otherwise renew his request.[10]

In addition to this oversight, at the motion for new trial, both parties stipulated that Starling's trial counsel was ignorant of *Ross v. State*,[11] which states that

> when (1) a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon, then it is an abuse of discretion for the trial court to spurn the defendant's offer to stipulate to his prior conviction and admit the evidence to the jury.

Based on this, Starling argues that his trial counsel performed deficiently in that his trial counsel's failure to stipulate to Starling's felon status, subsequent questioning of Starling about his criminal history, and failure to obtain a jury instruction on the evidence of Starling's criminal history exposed the jury to prejudicial information irrelevant to any of the charges. We agree. "Introduction of the evidence unnecessarily showed [Starling's] bad character and propensity to commit a crime." *Harris v. State*.[12] "[T]here can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant.... Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious." *Old Chief v. United States*.[13] See *Ross v. State*, supra, 279 Ga. at 368 (adopting the reasoning in *Old Chief v. United States*).[14]

Here, the facts surrounding Starling's felon status were not relevant to the charges for which he was tried (nor did the State

---

[10] We note that, absent a request for a charge in writing, a party waives his right to appeal the omission of a jury charge. See, e.g., *Herring v. State*, 277 Ga. 317, 318 (3) (588 SE2d 711) (2003). Failing to make his request in writing is, in part, the basis for the ineffective assistance claim. Moreover, in light of trial counsel's ultimately ineffectual oral request for an instruction, we cannot presume his failure to obtain an instruction to be strategic. Cf. *Jones v. State*, 280 Ga. 205, 207 (2) (b) (625 SE2d 1) (2006) ("[t]he decision of criminal defense counsel not to request limiting instructions is presumed to be strategic").

[11] *Ross v. State*, 279 Ga. 365, 368 (2) (614 SE2d 31) (2005).

[12] *Harris v. State*, 252 Ga. App. 849, 850 (1) (557 SE2d 452) (2001).

[13] *Old Chief v. United States*, 519 U. S. 172, 185 (2) (117 SC 644, 136 LE2d 574) (1997).

[14] That the evidence may have been admissible under OCGA § 24-9-84.1 is inapposite, because the State never raised this issue at trial (the evidence was presented to establish Starling's felony status, not to impeach him) and the trial court never ruled on whether the probative value substantially outweighed the prejudicial effect to the defendant.

proffer a similar transaction argument, per *Williams v. State*[15]), yet the jury was informed of both the nature of Starling's prior convictions, which were the same as two of the charges for which he was being tried, and some details surrounding them (including that both involved a handgun). Moreover, the trial court gave no limiting instruction to the jury. In this scenario, failing to either obtain an effective stipulation or a limiting instruction, and not objecting to the evidence detailing the facts surrounding the two prior crimes — which were the same as those at issue during trial — was not within the range of reasonable professional conduct to which a criminal defendant is entitled. See *Vann v. State*;[16] *Whitaker v. State*.[17]

b. *Prejudice Caused by Counsel's Errors*

Having determined that trial counsel's performance was deficient, we must decide whether "there is a reasonable probability that, absent the errors, the [jury] would have had a reasonable doubt respecting [Starling's] guilt." *Hardeman v. State*[18] (quoting *Strickland v. Washington*, supra, 466 U. S. at 695 (III) (B)).

At trial, Starling's defense rested largely on his own testimony; therefore, his credibility, which was potentially undermined by the improper evidence of the nature of his criminal record, was paramount to his defense. The only direct evidence identifying Starling as the shooter was the single eyewitness's account of what she saw from her window.[19] Starling attacked this evidence by offering his own testimony in which he confirmed that he had a gun, but denied that he fired it. Starling also testified that the gun he had was a .22 caliber handgun, whereas police testified that the three shell casings they found consisted of a .38 caliber and two 9 millimeter casings.[20] Therefore, the evidence essentially boiled down to a question of credibility between two eyewitnesses to the shooting, i.e., the woman watching from her window and Starling, a felon convicted of the same crimes for which he was on trial here.

Moreover, during closing argument, the State emphasized Starling's criminal history, and reminded the jury of the details of prior aggravated assault:

---

[15] *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991).

[16] *Vann v. State*, 266 Ga. App. 238, 240 (1) (596 SE2d 722) (2004).

[17] *Whitaker v. State*, 276 Ga. App. 226 (1) (622 SE2d 916) (2005).

[18] *Hardeman v. State*, 281 Ga. 220, 222 (635 SE2d 698) (2006).

[19] The other eyewitness placed him at the scene with a gun, but that witness admitted that he only heard, but did not see, the actual shooting.

[20] The testifying officer also explained that a 9 millimeter weapon can fire both .38 caliber and 9 millimeter rounds.

You've already heard that he was convicted of an aggravated assault. . . . You're a convicted felon, you've got a gun, you kill somebody like that, felony murder. You can't do it. You heard him say this isn't the only time he's had a gun since then. And on the aggravated assault you heard him say, I've never used a gun to hurt somebody. Yet he pled guilty to hitting somebody in the head with it.

Therefore, the avoidable references to the nature and facts surrounding Starling's criminal history were reinforced immediately prior to the jury's deliberation.

"Under these circumstances, we cannot say *with certainty* what impact trial counsel's performance had in this case." (Emphasis supplied.) *Harris v. State*, supra, 252 Ga. App. at 852 (1). However, in light of the fact that the jury was exposed to irrelevant bad character evidence (i.e., the nature of and facts surrounding Starling's two prior felony convictions) without any instruction as to how to consider that evidence, we cannot be confident that the jury did not rely on the improper evidence when evaluating Starling's credibility and weighing the evidence in his defense. See *Strickland v. Washington*, supra, 466 U. S. at 694 (III) (B) (defining a reasonable probability of unallowable prejudice as "a probability sufficient to undermine confidence in the outcome"). Therefore, "there is a reasonable probability that, but for [counsel's errors,] the results of the trial would have been different." *Harris v. State*, supra, 252 Ga. App. at 852 (1).

Although " 'there are no perfect trials,' " *Reed v. State*,[21] here, due to one oversight or another, none of the safeguards available to correct errors by a court or trial counsel was implemented. Cf. *Freeman v. State*[22] (where curative instructions were given to correct prosecutor's improper interjection of prejudicial matter). Therefore, in light of the errors by counsel that undermined the exculpatory evidence offered by the defendant himself, we hold that Starling did not receive effective assistance of counsel with respect to the aggravated assault charge.

Because Starling admitted that he possessed a gun at the time of the altercation, he cannot show prejudice as to the conviction for possession of a firearm by a convicted felon. Therefore, we affirm Starling's conviction of possession of a firearm by a convicted felon, and, as to the aggravated assault charge, we reverse the trial court's denial of his motion for a new trial.

[21] *Reed v. State*, 248 Ga. App. 107, 109 (1) (a) (545 SE2d 655) (2001).
[22] *Freeman v. State*, 278 Ga. 349, 351 (2) (c) (603 SE2d 214) (2004).

480

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 21, 2007.

*Timothy W. Floyd*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney*, for appellee.