FINAL COPY
309 Ga. 585

S20A0642.  CAMPBELL-WILLIAMS v. THE STATE.

BETHEL, Justice.

Tiquonda Raenell Campbell-Williams appeals her convictions for felony murder and aggravated assault in connection with the death of her boyfriend, Tyress Malcome.[1]  Campbell-Williams contends that the trial court committed plain error by failing to instruct the jury on proximate or intervening cause and that her trial counsel provided ineffective assistance by not requesting these charges. Campbell-Williams also argues that the trial court erred by

---

[1] The crimes occurred on May 22, 2011.  On August 10, 2011, a Gwinnett County grand jury indicted Campbell-Williams for felony murder predicated on the aggravated assault of Malcome and aggravated assault. At a jury trial held on December 8 to 15, 2014, Campbell-Williams was found guilty on both counts. On December 30, 2014, Campbell-Williams was sentenced to life in prison for felony murder. The aggravated assault count was merged into the felony murder count for sentencing.

Campbell-Williams prematurely filed a motion for new trial on December 22, 2014.  An amended motion for new trial was filed on October 1, 2018. Following a February 20, 2019, hearing, the trial court denied the amended motion for new trial on May 3, 2019. Campbell-Williams filed a notice of appeal on May 10, 2019. This case was docketed in this Court to the April 2020 term and was orally argued on April 21, 2020.

admitting a deceased witness's statements under OCGA § 24-8-807. We affirm because the trial court did not commit plain error in failing to give the jury charges, Campbell-Williams did not receive ineffective assistance of counsel at trial, and the trial court did not abuse its discretion by admitting the witness's statements.

1. Viewed in the light most favorable to the jury's verdict,[2] the evidence presented at trial showed the following. On the afternoon of May 22, 2011, Malcome left the apartment he shared with Campbell-Williams to attend a funeral and visit friends. Campbell-Williams was angry when Malcome left and told his mother, who was at the apartment at the time, that "your son is going to make me hurt him one day; your son is getting on my f***ing nerves." Campbell-Williams and Malcome had been dating for approximately eight to ten years, and the couple had a tumultuous relationship characterized by verbal and physical abuse. Approximately one week before Malcome's death, Campbell-Williams became upset

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

that Malcome had not given her any money for Mother's Day, and she attempted to stab Malcome with a knife, threatened to cut off his penis, and carved profanity into his vehicle.

When Malcome returned to the apartment on the evening of May 22 with his friend, Lorenzo Sinclair,[3] Campbell-Williams was angry, and she began arguing with Malcome. Sinclair tried to defuse the situation by getting between the couple, and Malcome turned to leave, telling Sinclair, "Let's go!" At that moment, Campbell-Williams struck Malcome in the left arm with an unidentified object. Malcome began bleeding, and the men left the apartment. The men got in Sinclair's car, and Malcome wrapped his arm in a blanket and told Sinclair that he wanted to go to the hospital. Sinclair drove Malcome to the home of DeShawn Harvey, who was a friend that lived "right down the street," so that Harvey could drive Malcome to the hospital. Malcome lost consciousness in Sinclair's car before they began driving to the hospital. Harvey called 911 as he and Sinclair

---

[3] Sinclair died prior to trial. The trial court admitted Sinclair's interview with police over objection.

attempted to find the source of Malcome's bleeding, but the men were hindered by the dark. Malcome bled to death from a severed artery in his forearm.

At the couple's apartment, police discovered a large amount of blood, a bloody knife, and a soiled bucket with cleaner and a damp, bloody towel. Campbell-Williams told a detective that Malcome came home drunk, that she and Malcome got into an argument, and that he struck her on the right side of her head. Campbell-Williams claimed she stabbed Malcome in the forearm in self-defense. The detective did not observe any injuries to Campbell-Williams.

Although Campbell-Williams does not challenge the sufficiency of the evidence supporting the felony murder count on which she was convicted and sentenced, it is our customary practice in murder cases to review the record independently to determine whether the evidence was legally sufficient.[4] Having done so, we conclude that

---

[4] We remind litigants that the Court will end its practice of considering sufficiency sua sponte in non-death penalty cases with cases docketed to the term of court that begins in December 2020. See *Davenport v. State*, ___ Ga. ___ (___ SE2d ___) (2020). The Court began assigning cases to the December Term on August 3, 2020.

the evidence as summarized above was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Campbell-Williams was guilty of felony murder. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Campbell-Williams argues that the jury should have been given instructions regarding proximate cause and unforeseen or intervening cause of death. She argues that the trial court committed plain error by not giving these instructions (even in the absence of a request from Campbell-Williams) and that her trial counsel provided constitutionally ineffective assistance by not requesting these instructions. For the reasons discussed below, we reject both contentions.

(a) Campbell-Williams argues that it was plain error for the trial court not to instruct the jury on proximate cause or unforeseen or intervening cause of death based on Sinclair's failure to bring Malcome directly to the hospital. To show plain error, Campbell-Williams must demonstrate that the instructional error was not

affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. See *Woodard v. State*, 296 Ga. 803, 806 (2) (771 SE2d 362) (2015). "Satisfying all four prongs of this standard is difficult, as it should be." (Citation and punctuation omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

A person commits felony murder when "in the commission of a felony, he or she causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). The element of causation is determined under the proximate cause standard. See *State v. Jackson*, 287 Ga. 646, 649 (2) (697 SE2d 757) (2010).

> Where one commits a felony upon another, such felony is to be accounted as the efficient, proximate cause of the death whenever it shall be made to appear either that the felony directly and materially contributed to the happening of a subsequent accruing immediate cause of the death, or that the injury materially accelerated the death.

*Durden v. State*, 250 Ga. 325, 329 (5) (297 SE2d 237) (1982). To authorize a jury instruction, there need only be slight evidence

supporting the theory of the charge. *McClure v. State*, 306 Ga. 856, 863 (1) (834 SE2d 96) (2019).

Although the trial court did not explicitly instruct the jury on proximate cause, it did instruct the jury that Campbell-Williams was indicted for felony murder for causing Malcome's death by cutting him with a knife. The trial court properly defined felony murder as follows: "[A] person commits the crime of felony murder when, in the commission of a felony, that person causes the death of another human being," tracking precisely the language of OCGA § 16-5-1 (c). The trial court also instructed the jury that the State had the burden of proving "every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." When viewed as a whole, these charges were sufficient to instruct the jury on the principles of proximate causation relevant to this case, and the trial court was not required to give a separate charge on proximate causation. See *White v. State*, 281 Ga. 276, 280 (4) (637 SE2d 645) (2006) ("Jury instructions are read and considered as a whole in determining whether there is

error."). See also *Flournoy v. State*, 294 Ga. 741, 746 (4) (755 SE2d 777) (2014) (indictment alleging that defendant, while in the commission of a felony, caused the death of the victim by shooting him, and instruction referencing allegations of the indictment were sufficient to inform jury that in order to convict, it had to find that defendant caused the victim's death, such that a separate instruction on proximate causation was not needed); *Pennie v. State*, 292 Ga. 249, 252 (2) (736 SE2d 433) (2013) (charge omitting specific instruction on proximate causation sufficient where charge as a whole informed "the jury that, in order to convict Appellant of the felony murder of [the victim], it had to determine that he caused" the victim's death). We thus identify no error in the trial court's charge as alleged in this enumeration of error, plain or otherwise. See *Williams v. State*, 298 Ga. 208, 218 (7) (779 SE2d 304) (2015).

Additionally, a jury instruction on unforeseen or intervening cause of death was not supported by the evidence in this case. Sinclair's failure to obtain medical care for Malcome's injury quickly enough to save his life did not amount to an intervening or

superseding cause because it was reasonably foreseeable that when Campbell-Williams stabbed Malcome and inflicted a life-threatening injury, Malcome would die without immediate medical intervention. "[F]or a cause to relieve a defendant of criminal responsibility, it must do more than supply a concurring or contributing cause of death or combine with the defendant's act to cause the victim's death." *State v. Mondor*, 306 Ga. 338, 349 (2) n.8 (830 SE2d 206) (2019). Further, there was no evidence in the record indicating that Sinclair inflicted a new and unique injury to or actively withheld or affirmatively interfered with the delivery of life-saving care to Malcome. Any delayed or imperfect attempt to render or secure aid here cannot be characterized as an intervening cause of death. Therefore, Campbell-Williams' assertion lacks merit.

(b) Campbell-Williams also argues that her trial counsel provided constitutionally ineffective assistance by failing to request these charges. To prevail on the claim of ineffective assistance, Campbell-Williams must establish that her counsel's performance was professionally deficient and that she suffered prejudice as a

result. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To show deficient performance, Campbell-Williams must prove that her lawyer "performed his duties in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms." *Thornton v. State*, 307 Ga. 121, 126 (3) (834 SE2d 814) (2019). "To establish prejudice, [Campbell-Williams] must prove that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different." Id. "If an appellant fails to meet either prong of the *Strickland* test, it is not incumbent upon this Court to examine the other prong." *Green v. State*, 291 Ga. 579, 580 (2) (731 SE2d 359) (2012).

With respect to a charge on intervening or unforeseen cause, Campbell-Williams failed to demonstrate that such a charge was warranted by the evidence. Accordingly, she failed to demonstrate any deficiency on the part of her trial counsel in the failure to request such a charge. See *Jones v. State*, 287 Ga. 770, 771 (2) (700 SE2d 350) (2010) ("[T]rial counsel cannot be faulted for failing to

request a jury charge that was not authorized by the evidence."). Turning to the question of an independent charge of proximate causation, we need not decide whether trial counsel's failure to request such a charge amounted to deficient performance because Campbell-Williams has not shown *Strickland* prejudice. As explained above, the trial court's charge adequately instructed the jury on causation. In light of the charge as a whole, Campbell-Williams has not shown a reasonable probability that her trial would have ended more favorably to her had her counsel requested these instructions. See *Treadaway v. State*, ___ Ga. ___ (4) (b) (843 SE2d 784) (2020) (Because "trial court's charge as a whole was legally correct and adequately instructed the jury as to principles of proximate cause relevant to this case, [defendant] cannot show a reasonable probability that her trial would have ended more favorably for her had trial counsel requested the pattern charge."); *Pennie*, 292 Ga. at 252 (2). Accordingly, Campbell-Williams' ineffective assistance claims fail.

3. Lastly, Campbell-Williams argues that the trial court

abused its discretion in admitting Sinclair's statements to Malcome's mother and Harvey under OCGA § 24-8-807. The prosecution, however, never presented evidence of those statements at trial. Accordingly, this enumeration fails.

*Judgment affirmed. All the Justices concur.*


DECIDED AUGUST 24, 2020.

Murder. Gwinnett Superior Court. Before Judge Hamil.

*Brian Steel*, for appellant.

*Daniel J. Porter, District Attorney, Samuel R. d'Entremont, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.