316 Ga. 17
FINAL COPY

S23A0053.  TAYLOR v. THE STATE.

Pinson, Justice.

Malik Taylor was the driver in a drive-by shooting in which one
of his passengers, Jyleel Solomon, was killed by return fire. Taylor
was convicted of felony murder and other crimes in connection with
the shooting.[1] At trial, he claimed that he was shot at first and fired

---

[1] The crimes occurred on November 6, 2017. On March 14, 2018, a
Baldwin County grand jury indicted Taylor with two co-defendants, Jemerius
Goodman and Brandon Walls. Counts 1-4 charged all three with the felony
murder of Solomon, predicated respectively on aggravated assaults with
firearms charged in Counts 5-8. Each of Counts 5-8 specified a different
victim—respectively, Malik Murray, Elijawon May, Brian Hitchcock, and
Keonna Lewis. Goodman alone was also charged with possessing a pistol with
an altered serial number (Count 9) and with three counts of concealing physical
evidence (Counts 10-12). Walls pleaded guilty to voluntary manslaughter and
aggravated assault. Taylor and Goodman were tried together from November
6 to November 13, 2018, and both were convicted on all counts. We affirmed
Goodman's convictions on appeal. See *Goodman v. State*, 313 Ga. 762 (873
SE2d 150) (2022). Taylor was sentenced to life in prison on Count 4 and 20
years in prison on each of Counts 5-7, all to be served consecutively, for a total
sentence of life plus 60 years. The remaining counts were merged for
sentencing or vacated by operation of law. Taylor filed a timely motion for new
trial on November 14, 2018, which he amended once through trial counsel and
several times through new counsel, most recently on July 9, 2021. After four
hearings, the trial court denied the amended motion for new trial on July 6,

his gun in self-defense. The jury rejected that claim, and on appeal, Taylor contends that the trial court's jury instruction on the affirmative defense of justification could have led the jury to wrongly believe that Taylor bore the burden of proof on that defense.

We reject Taylor's argument because we reject his reading of the jury instruction. In context, it is clear the instruction correctly informed the jury about the defense of justification, including the principle that the defendant may not assert the defense if he used force during the commission of a felony. So we affirm Taylor's convictions and sentence.

1. On the evening of November 6, 2017, Taylor was driving around Milledgeville with Jemerius Goodman, Brandon Walls, and the victim, Solomon. The foursome was armed with handguns, and Solomon had an AK-47 rifle. At the same time, a number of people, including Malik Murray and Keonna Lewis, were gathered outside a nearby home at 126 Central Avenue. As Taylor and his group

2022. Taylor filed a timely notice of appeal on July 6, 2022. The case was docketed to the December 2022 term of this Court and orally argued on December 8, 2022.

approached the home, Taylor turned off his headlights and turned the corner near the house.

Gunfire erupted. The first shots were fired from Taylor's car, and Murray returned fire. Two people were hit. Lewis was hit in the lower buttock by a shot that came from the car. Solomon was shot in the head by Murray.

In the back seat of the car, Walls saw that Solomon had been shot. He alerted the others. The foursome dropped off Goodman so he could get rid of their guns, and then they drove toward the hospital. On the way, they passed a gas station and food market with a police car parked outside. They pulled in to seek help from the officer. Solomon was taken to the hospital, where he later died from his injury.

Taylor gave a statement to investigators, some of which was played at trial. According to Taylor, when he was driving past 126 Central Avenue, he heard shots coming from his left, although he could not recall if they were coming from inside or outside the car. Taylor said that when he heard the shots, he grabbed a pistol and

started firing in the air.

Taylor was charged with the felony murder of Solomon, predicated on the aggravated assaults of the group at 126 Central Avenue. At trial, he asserted self-defense. At the charge conference, Taylor's counsel requested the jury charge for self-defense and specified that the claim of self-defense "was to the aggravated assault charge."

The trial court instructed the jury in relevant part as follows:

> Ladies and gentlemen, the [d]efendant in this case, Malik Nashiem Taylor, has raised what we call an affirmative defense and so, in the next set of instructions, these instructions will apply only to Malik Nashiem Taylor.
> An affirmative defense is a defense that admits the doing of the act charged,[2] but seeks to justify, excuse or mitigate it. Once an affirmative defense is raised, the burden is on the State to disprove it beyond a reasonable doubt. The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed when the person's conduct is justified under the defense of self or others and the defense of habitation.
> A person is justified in threatening or using force

---

[2] We have since disapproved the language describing an affirmative defense as "admit[ting] the doing of the act." See *McClure v. State*, 306 Ga. 856, 864-865 (1) (834 SE2d 96) (2019). Taylor, however, does not advance any argument about this language on appeal.

4

against another person when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against the other['s] [im]minent use of unlawful force. A person is justified in using force that is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily harm or injury to himself or a third person or to prevent the commission of a forcible felony.

The State has the burden of proving beyond a reasonable doubt that the defendant was not justified. A person is not justified in using force if that person initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant or is attempting to commit, is committing or is fleeing after the commission or attempted commission of a felony. And in this case, the arguable felony has been alleged to be aggravated assault.

A forcible felony is any felony that involves the use or threat of physical force or violence against any person.

An aggravated assault is a felony defined as follows: A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. To constitute such assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the [d]efendant attempted to cause a violent injury or that the person attempted to cause a violent injury to the alleged victim or intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury.

Taylor did not object to this instruction during trial and did not challenge it in his motion for new trial.

5

2. Taylor contends that the trial court's instruction on self-defense was error because it misled the jury about who bore the burden of proof for that affirmative defense. Because Taylor did not object to the jury instruction at trial, we review it now only for plain error. See OCGA § 17-8-58 (b); *Willis v. State*, 315 Ga. 19, 26 (3) (b) (880 SE2d 158) (2022). "To show plain error, an appellant must show that (1) the alleged error was not affirmatively waived, (2) it was obvious beyond reasonable dispute, and (3) it affected the appellant's substantial rights, which ordinarily means showing that it affected the outcome of the trial." *Willis*, 315 Ga. at 26 (3) (b). If those three showings are made, an appellate court may remedy the error only if it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (punctuation omitted).

Taylor's argument that this instruction was misleading focuses on the following sentence: "It is only necessary that the evidence show beyond a reasonable doubt that the [d]efendant attempted to cause a violent injury or that the person attempted to cause a violent injury to the alleged victim or intentionally committed an act that

6

placed the alleged victim in reasonable fear of immediately receiving a violent injury." In Taylor's view, that sentence, in its most natural reading, wrongly instructed the jury that it could not find that Taylor was justified in shooting at the group outside 126 Central Avenue unless it found beyond a reasonable doubt that the 126 Central Avenue *group* put *Taylor* in reasonable fear of receiving a violent injury.

We think that Taylor's reading of this sentence is strained at best and not one the jury was likely to have considered. "Jury instructions are read and considered as a whole in determining whether there is error," *Campbell-Williams v. State*, 309 Ga. 585, 588 (2) (a) (847 SE2d 583) (2020) (punctuation omitted), and here the context in which the instruction was given leaves its meaning clear.

To see why, let us walk through the instruction. The trial court first told the jury that Taylor was asserting the affirmative defense of justification. The court explained that the defense may apply if the defendant reasonably believes he must use force to defend

himself. And it explained that the defense does *not* apply if the defendant uses force while he "is attempting to commit, is committing or is fleeing after the commission or attempted commission of a felony." The next words from the trial court were: "And in this case, the arguable felony has been alleged to be aggravated assault." By using the connective word "and" and referring to "*the* arguable felony," the trial court made clear it was now proceeding to discuss the felony that could disqualify Taylor from the defense of justification. It was at that point that the court described the elements of aggravated assault with a deadly weapon, including the sentence that Taylor now objects to.[3] So, the trial court was telling the jury that Taylor could not rely on the affirmative defense of justification if it found beyond a reasonable doubt that

---

[3] The objected-to sentence tracks the pattern jury instruction on aggravated assault, see Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 2.20.21 (4th ed. 2007, updated Aug. 2022). See also OCGA § 16-5-21 (a) (defining aggravated assault); *Lyons v. State*, 309 Ga. 15, 19 (3) (843 SE2d 825) (2020) (holding it was "proper" to instruct jury that defendant could be guilty of aggravated assault if he "attempted to cause a violent injury" to the victims or "intentionally committed an act that placed" the victims "in reasonable fear of immediately receiving a violent injury") (punctuation omitted).

"[Taylor] attempted to cause a violent injury to [the 126 Central Avenue group] or intentionally committed an act that placed [the 126 Central Avenue group] in reasonable fear of immediately receiving a violent injury"—that is, if Taylor committed aggravated assault.

Because this is easily the more natural and reasonable reading of the portion of the instruction to which Taylor objects, we reject Taylor's alternative reading, and thus his argument that the instruction shifted the burden to prove self-defense to him.[4] So

---

[4] We note that these instructions on justification and aggravated assault arguably could have been misleading in a different way. The instructions stated the law correctly in explaining that a person is not justified in using force "if that person . . . is attempting to commit [or] is committing . . . a felony." But by then stating that "in this case, the arguable felony has been alleged to be aggravated assault" and listing the elements of that felony, the instructions could have been understood as requiring the jury to reject justification as a defense if the jury found that the State proved those elements of aggravated assault—even though Taylor was raising justification as a defense *to the aggravated assault charge* itself. That potential reading would be wrong: the State does not prove that the defendant's conduct was not justified merely by proving the elements of the charged offense. That said, it could be that the jury rejected this potential reading of these instructions in light of the instructions on justification as a whole, including the instruction that "[a] person is justified in using force that is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily harm or injury to himself . . . or to prevent the commission of a forcible felony." And in any event, Taylor does not raise any such argument

9

Taylor has not demonstrated that the instruction was plain error.

*Judgment affirmed. All the Justices concur.*

Decided March 21, 2023.

Murder. Baldwin Superior Court. Before Judge Burleson.

*The Steel Law Firm, Brian Steel*, for appellant.

*T. Wright Barksdale III, District Attorney, D. Brent Cochran, Assistant District Attorney; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Emily R. Polk, Assistant Attorney General*, for appellee.

---

on appeal. But given these instructions' potential for confusion, we note them here and would urge trial courts to take care to avoid structuring instructions in a way that could suggest that committing the felony for which a defendant claims justification could disqualify him from claiming justification for that very felony. Compare, e.g., *State v. Brown*, 314 Ga. 588 (878 SE2d 445) (2022) (defendant charged with murder for fatal shooting during card game; defendant asserted self-defense; State contended self-defense was unavailable because defendant was in process of committing *different* felony—robbing other players in the card game—when gunfire broke out).

10