**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 22, 2026**

# In the Court of Appeals of Georgia

A25A1439. TOLBERT v. THE STATE.

HODGES, Judge.

In November 2012, a jury found Terrell Tolbert guilty of aggravated assault and possession of a firearm during the commission of a felony.[1] Following a hearing held in May 2022, the trial court entered an order denying Tolbert's motion for new trial in July 2022. Tolbert appeals, claiming that the trial court erred and that he received ineffective assistance of trial counsel in various ways. All of Tolbert's enumerations of error, however, have been abandoned because his appellate counsel, J. Mark Shelnutt, has failed to comply with the rules of this Court. While we have attempted

---

[1] The jury also found Tolbert guilty of an additional charge of possession of a firearm by a convicted felon. However, the State moved to dismiss this charge before Tolbert was sentenced, and the trial court entered an order dismissing that count.

to reach Tolbert's claims of error where possible, every enumeration appears to be unsupported, belied by the record, or otherwise unpersuasive. Accordingly, we find no error and affirm.

Viewing the evidence in the light most favorable to the verdict,[2] the record shows that in June 2011, Tolbert walked into a store and asked the manager if he could view the store's surveillance video. While at the store, Tolbert explained that he wanted to see the video because he had dropped a bag outside the store and another man, the eventual victim, had supposedly picked it up. Tolbert then explained that he was leaving but would be "coming back to straighten it [out]." He indicated that he was going to get his "strap," meaning a firearm. Approximately 30 to 45 minutes later, Tolbert returned to the area and confronted the victim. He walked up to the victim and said, "[e]ither you're going to give me my marijuana . . . or my money." Tolbert then pulled out a revolver and pointed it at the victim. The victim pushed Tolbert away in an attempt to get inside a nearby car, and Tolbert responded by saying, "[i]f you touch me again, I'm going to shoot you." The victim and Tolbert then struggled over the revolver and the weapon fired, missing the victim. As the victim tried to get

---

[2] *Jackson v. Virginia*, 443 US 307 (99 SCt 2781, 61 LE2d 560) (1979).

into the car, Tolbert fired the revolver again, this time striking the victim in the leg. The victim got into the car and left the scene. Tolbert walked down the street carrying his revolver.

A few days after the shooting, law enforcement interviewed the victim and he was able to identify Tolbert as his shooter. Tolbert was indicted for aggravated assault and possession of a firearm during the commission of a felony, and a jury convicted him of both charges. Tolbert was sentenced as a recidivist under OCGA § 17-10-7(a) and (c). Tolbert timely filed a motion for new trial, later amended, which the trial court denied. He now appeals his convictions and the trial court's denial of his motion for new trial.

1. We note at the outset that Tolbert was convicted in November 2012 and his appeal was first docketed more than 12 years later in March 2025.[3] The trial court did

---

[3] This Court initially dismissed this appeal in April 2025 because Tolbert failed to timely file a brief in accordance with the rules of this Court. See Court of Appeals Rule 23(a). Tolbert filed a motion for reconsideration, claiming that his brief was not filed because the trial court did not provide notice that the appeal was docketed. We reconsidered our dismissal and reinstated this appeal so Tolbert could demonstrate the "strong grounds for appeal" he asserted that this case contained. We further note that our reinstatement order provided that "Tolbert shall have 20 days from the date of this order [April 29, 2025] to file his appellate brief[,]" which ran through May 19, 2025. Tolbert, however, filed his brief on May 21, 2025, and offers no excuse for his second tardy brief.

not hear Tolbert's motion for new trial until May 2022, more than nine years after his conviction. While the trial court notes that Tolbert had at least four post-conviction attorneys and there were delays associated with the continuances requested by his successive counsel, the record also demonstrates that no transcript had been requested until April 2019, more than six years after Tolbert's conviction.

In March 2012, the Supreme Court considered an appeal from a motion for new trial which took more than fifteen years to resolve. See *Shank v. State*, 290 Ga. 844, 849(5)(c) (725 SE2d 246) (2012). In deciding that case, the Supreme Court issued the following admonition:

> We do not condone this inordinate delay in the motion for new trial proceeding. This Court is unfortunately seeing such extraordinary post-conviction, pre-appeal delays with greater frequency[.] . . . These delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. We therefore reiterate that it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay.

Id. While Tolbert does not raise any due process challenge related to the inordinate delay in his case, we take this opportunity to reiterate the Supreme Court's

4

admonition in *Shank* and remind all parties involved in the criminal legal system that it is their duty to ensure that such delays do not occur in the future. See id.

2. Turning to the merits of this appeal, we note that Tolbert has identified 15 enumerations of error. With regard to every enumeration, Tolbert has failed in multiple ways to follow Court of Appeals Rule 25(a), setting forth the requirements for appellate briefing. In every enumeration, Tolbert has failed include any citation to relevant authority beyond occasionally citing overarching principles of law. "Where an appellant lists an enumeration of error but, in support of that enumeration, merely sets forth the applicable standard of review without any substantive discussion, such enumeration will be deemed abandoned." *Podlin v. Cichowski*, 375 Ga. App. 481, 483 (915 SE2d 662) (2025); see also Court of Appeals Rule 25(d)(1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). In this case, Tolbert's brief, at best, contains

> general principles of law applicable to the issue at hand, but then simply recites his version of certain facts without ever applying any particular legal authority to the specific facts and circumstances of this case. Suffice it to say, rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts.

5

(Citation, punctuation, and emphasis omitted). *Podlin*, 375 Ga. App. at 483.

Worse, Tolbert's brief is replete with citations to authority which are irrelevant, cited for propositions that are unsupported (or even contrary to) the actual language in the cases, or cited as authority despite having been overturned; in some instances, the brief includes quotations which do not exist in the cases cited. Moreover, we have identified at least two instances where Tolbert materially misrepresents the record on appeal. These violations of our rules have frustrated this Court's review, and we conclude that the enumerations are abandoned as a result. See *Brittain v. State*, 329 Ga. App. 689, 704(4)(a) (766 SE2d 106) (2014) (refusing to address arguments appellant raised but did not support with citations to authority or meaningful argument). Nevertheless, having reviewed Tolbert's arguments to the extent possible, we find them unavailing for the following reasons.

3. Tolbert first asserts that the evidence was insufficient to support his convictions for aggravated assault and possession of a firearm by a convicted felon. As best as we can surmise, Tolbert argues that the evidence was insufficient because there was credible evidence of an accident or that his conduct was justified. Beyond citing

*Jackson* for the general rule regarding the sufficiency of the evidence, this enumeration only relies on two pieces of substantive authority. Tolbert asserts in his brief that

> [i]n similar cases, Georgia appellate courts have found the evidence insufficient to support convictions when the alleged victim is the aggressor and when the defendant acts in perceived self-defense or accident. See *Harris v. State*, 252 Ga. App. 849 [(557 SE2d 452)] (2001) (reversing conviction where accident was a viable defense); *Ross v. State*, 279 Ga. 365 [(614 SE2d 31)] (2005) (discussing the prejudicial effect of character evidence when accident or justification is at issue).

(Punctuation omitted). Our review of the *Harris* case shows that it has nothing do with sufficiency of the evidence and does not discuss self-defense or accident. See generally *Harris*, 252 Ga. App. at 849. Similarly, in the *Ross* case, the Supreme Court discussed neither accident nor justification, nor did it analyze sufficiency of the evidence in any substantive way. See generally *Ross*, 279 Ga. at 365.[4] We find that neither of these case citations support the proposition of law alleged, and because no other authority cited supports Tolbert's position, he has not demonstrated error and this enumeration is abandoned for the reasons set forth in Division 2.

---

[4] We also note that after Tolbert filed his brief, the Supreme Court recognized that *Ross* has been superseded by statute and is no longer binding precedent. *Fraser v. State*, ___ Ga. ___ (920 SE2d 644, 650(2)(a)) (2025).

4. Tolbert next argues that the trial court erred by failing to instruct the jury on the defense of accident. Tolbert again relies on the *Harris* case to assert that "the failure to give an accident charge in a case where the evidence supports that theory constitutes reversible error." As noted in Division 3, the *Harris* case has nothing to do with accident. More troubling, Tolbert asserts that: "Georgia appellate courts have held that '[w]here the defendant's sole defense is accident and there is evidence to support it, it is reversible error for the trial court to fail to give a charge on accident.'" Tolbert attributes this direct quote to both *Sanders v. State*, 283 Ga. 372, 375 (659 SE2d 376) (2008), and *Shaw v. State*, 292 Ga. 871 (742 SE2d 707) (2013). Our review of these cases, however, shows neither case discusses the defense of accident, nor contains the quote attributed to them. See generally *Sanders*, supra; *Shaw*, supra. Beyond the above fictive precedent, Tolbert simply relies on overarching principles of law not applied to the facts of this case. Consequently, this enumeration is also abandoned for the reasons set forth in Division 2.

5. Tolbert avers that the trial court erred in giving a justification charge that omitted the phrase "forcible felony," thereby — in his view — rendering the defense incomplete and misleading. We note that Tolbert has failed to cite the record for the

allegedly deficient jury instruction, or even quote the allegedly erroneous language. Because Tolbert has not provided a sufficient citation to the record to evaluate his enumeration, it is abandoned. See *Hudson v. State*, 246 Ga. App. 335, 335-36(2) (539 SE2d 860) (2000) (concluding that an appellant waived review of his objection to a jury instruction where, among other violations of our rules, the appellant failed to provide a record cite to an allegedly objectionable jury instruction); see also *Arnold v. State*, 262 Ga. App. 61(1) (584 SE2d 662) (2003) ("As we have reiterated time and time again, this Court will not cull the record in search of error on behalf of a party.") (citation and punctuation omitted). Moreover, we note that Tolbert solely relies on *Laney v. State*, 184 Ga. App. 463, 467(2) (361 SE2d 841) (1987), for the proposition that a "jury must be instructed not only on justification generally, but also the particular 'forcible felony' that underlies the defendant's use of force." However, this proposition of law — in *Laney* and generally — has been long overruled. See *Holmes v. State*, 273 Ga. 644, 647(4) (543 SE2d 688) (2001). Tolbert cited *Laney* without cautioning us of the decades-old negative treatment by the Supreme Court. Because Tolbert has failed to cite any authority to support his contention that the trial court's

9

instruction on justification was erroneous, this enumeration has left this Court with nothing to review.

6. Tolbert next argues that the trial court erred by allowing a photo line-up to go out with the jury in violation of the continuing witness rule. Specifically, Tolbert complains that the jury was impermissibly allowed to have a photo line-up containing the victim's handwritten comment that Tolbert was "the [explicative] that shot [him]" while they deliberated. As with the prior divisions, this enumeration is abandoned because of Tolbert's reliance on inapt authority. For example, Tolbert purports to directly quote *Wilson v. State*, 259 Ga. 55 (376 SE2d 676) (1989), for the proposition that such evidence violates the continuing witness rule because such exhibits "can unfairly bolster the credibility of the witness in the eyes of the jury." *Wilson*, however, has nothing to do with the continuing witness rule, and nothing resembling the attributed quote exists in the opinion. See generally *Wilson*, supra.

7. Tolbert argues the trial court erred by overruling an objection to the State calling him a "drug dealer" in closing arguments. Tolbert cites the trial transcript and claims the prosecutor told the jury "[Tolbert is] a convicted felon. He's a drug dealer" and argued such a statement was improper. This argument, too, fails for

multiple reasons. First, Tolbert has inexplicably not provided any record citation to his purported objection or the trial court overruling the same. As noted in Division 2, this Court will not search for specific references and may not consider enumerations that are not supported by proper citations to the record. *Sloans v. State*, 360 Ga. App. 256, 257 (861 SE2d 130) (2021); Court of Appeals Rule 25(d)(1)(i). The Supreme Court of Georgia has repeatedly held that "the defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal." (Citation and punctuation omitted.) *Myers v. State*, 313 Ga. 10, 14(2) (867 SE2d 134) (2021). As such, even if Tolbert could show the prosecutor's argument was impermissible, his failure to demonstrate by the record that he objected to the purportedly improper statement leaves this Court with nothing to review.

Moreover, and more troubling, the specific quote that Tolbert attributed to the State in his brief is not reflected in the transcript on the page he cited to for the quote. Instead, the State stated "[h]e's a convicted felon. A convicted felon who had a firearm[,]" and we caution his appellate attorney Shelnutt that the misrepresention of evidence in the record is a violation of State Bar Rules. *Flott v. Se. Permanente Med.*

*Group*, 274 Ga. App. 622, 623(1) (617 SE2d 598) (2005). Even if this argument is not waived, and the brief accurately cited the record, this enumeration would still be abandoned because the brief relies wholly on unsupported statements of law. Tolbert relies on *Shaw* for the contention that "Georgia law prohibits such prosecutorial misconduct[,]" when that case has nothing to do with closing arguments or prosecutorial misconduct. See *Shaw*, 292 Ga. at 871. Likewise, Tolbert claims that in *Collier v. State*, 266 Ga. App. 345 (596 SE2d 795) (2004), this Court reversed a conviction after a prosecutor made impermissible closing remarks not based on trial evidence. The *Collier* case, however, does not discuss statements by a prosecutor not being supported by the evidence beyond simply noting that prosecutors have "wide latitude to argue inferences from the evidence" in the context of similar transactions. *Collier,* 266 Ga. App. at 353(2)(a). Because Tolbert does not rely on any relevant authority to support this enumeration, it is abandoned for the reasons set forth in Division 2.

8. Tolbert next argues that the use of his prior conviction both as evidence for the subsequently dismissed charge of possession of a firearm by a convicted felon discussed in Footnote 1, supra, and for the purpose of recidivist sentencing was error,

but this argument has also been abandoned for failing to cite any appropriate authority. This enumeration only includes two citations to authority, both (purportedly) supporting his contention that "Georgia courts have long held that evidence used solely to prove an element of a charge that has been dismissed cannot be repurposed for recidivist sentencing." The first, *London v. State*, 260 Ga. App. 780 (580 SE2d 686) (2003), has nothing to do with recidivist sentencing. The second, *Hillman v. Johnson*, 297 Ga. 609 (774 SE2d 615) (2015), while analyzing the use of prior convictions in recidivist sentencing, makes no reference to dismissed charges and does not appear to support his argument. While this Court observed in *Hillman* that, in some circumstances, the dual-use of evidence can be impermissible, see *King v. State*, 169 Ga. App. 444, 445 (313 SE2d 144) (1984), such a rule "has no application to crimes that do not have as an element the defendant's prior conviction of a felony." *Hillman*, 297 Ga. at 614(2)(a). Because neither of the charges that Tolbert was convicted of have as an element that he was a convicted felon, *Hillman* actually stands for the exact opposite of Tolbert's contention.

9. Tolbert's next enumeration, regarding recidivist sentencing, is also abandoned for failing to cite any relevant authority. While Tolbert cites two cases to

assert that "improper reliance on prior convictions — particularly where the charge has been abandoned — undermines the legitimacy of sentencing[,]" as best as we can tell from our review, neither of these cases have anything to do with sentencing and certainly do not support the statement of law for which he cites them. The cases improperly relied on are *Taylor v. State*, 316 Ga. 17 (885 SE2d 787) (2023) (considering whether a given self-defense instruction was erroneous and completely silent as to sentencing); and *Ross*, 279 Ga. at 365 (discussing whether a trial court erred in failing to accept a defendant's stipulation to a prior felony conviction and completely silent as to sentencing). Because this enumeration is not supported with authority, it is abandoned for the reasons set forth in Division 2.

10. In Tolbert's next two enumerations of error, which he has combined for argument, he asserts that his trial counsel was ineffective for failing to stipulate to his prior felony conviction and failing to request a bifurcated trial on the charge of possession of a firearm by a convicted felon. "[A] trial judge shall bifurcate the proceedings if the charge of possession of a firearm by a convicted felon is unrelated to any other count of the indictment. But bifurcation is required only on motion by the defendant." (Citations and punctuation omitted). *Temple v. State*, 253 Ga. App. 606,

609(2)(a) (561 SE2d 132) (2002). In this case, the trial court concluded that even if Tolbert's trial counsel was deficient in these regards, there was no prejudice because Tolbert had not demonstrated that the outcome of the trial would have been different.

"Under the standard of *Strickland v. Washington*, 466 U. S. 668[, 687, 694(III)] (104 SCt 2052, 80 LE2d 674) (1984), to prevail on an ineffectiveness claim, [Tolbert] must show that his trial counsel's performance was deficient and that but for that deficiency, a reasonable probability exists that the outcome of his trial would have been different." *Vann v. State*, 266 Ga. App. 238, 240(1) (596 SE2d 722) (2004). "If [Tolbert] fails to satisfy either part of the *Strickland* test, his claim fails, and we need not address the other part." *Moore v. State*, 315 Ga. 263, 266(2) (882 SE2d 227) (2022).

Regarding deficient performance, Tolbert attributed the following quote to his trial counsel: "I did not request bifurcation because I didn't realize it was required in this situation. I don't believe I have ever handled a bifurcated trial before." We cannot find this quote in the record and our review of the record indicates that trial counsel

15

actually testified that he "[did not] remember [his] thought process in regard to requesting bifucation[.]" We note that this material — and unexplained — misrepresentation as another example of Tolbert's appellate attorney's egregious lack of candor to this Court, which has unnecessarily frustrated our review of his client's case. The trial court, however, found that Tolbert could prove that his trial counsel was deficient for failing to bifurcate or stipulate to the prior conviction. Given the commandment for trial courts to bifurcate such proceedings on the defendant's request, we assume, without deciding, that his trial counsel acted deficiently by failing to do so. That assumption, however, does not end our inquiry.

Regarding prejudice, Tolbert relies on the *Vann* case to argue that he was prejudiced because his trial counsel did not seek a curative instruction regarding impermissible character evidence related to his prior convction. In *Vann*, this Court concluded that a defendant was prejudiced by the introduction of a certified copy of a prior conviction where "trial counsel did not request a charge that the jury limit its consideration of the prior conviction to the charges of possession of a firearm by a convicted felon." *Vann*, 266 Ga. App. at 241(1). Without a limiting instruction "[t]he jurors likely felt free to consider the evidence for whatever purpose they saw fit,

including improperly judging [the defendant's] character and credibility." (Citation and punctuation omitted). Id. Unlike in the *Vann* case, however, Tolbert's trial counsel did seek, and received, a limiting instruction regarding the prior conviction. Because the record belies Tolbert's claim that he was prejudiced by the lack of a limiting instruction, and he has not meaningfully advanced any other argument regarding prejudice, he has abandoned these enumerations for the reasons provided in Division 2.

11. In his next enumeration of error, Tolbert asserts that his trial counsel was ineffective for failing to preserve for review the trial court's failure to give an accident instruction. Tolbert cites to *Wilson,* 259 Ga. at 55, for the general rule that failure to renew a requested charge on accident waives appellate review, and *Sanders*, 283 Ga. at 372, for the general contention that counsel may be deficient for failing to preserve an objection to a jury charge if the charge is otherwise meritorious. As noted in Division 4, however, Tolbert has failed to demonstrate he was entitled to an instruction on accident. Because Tolbert failed to cite any authority to support his contention that he was entitled to an accident instruction, this enumeration is abandoned as well.

12. Tolbert next argues that he received ineffective assistance because his attorney did not seek a limiting instruction during trial regarding his prior conviction at the time the evidence was introduced instead of at the end of trial. Tolbert cites a single case, *Starling v. State*, 285 Ga. App. 474 (646 SE2d 695) (2007), for a purported rule that counsel is deficient for failing to seek a limiting instruction after evidence of a prior felony conviction is introduced. In the *Starling* case, this Court found trial counsel to be ineffective when they failed to object to a trial court omitting a limiting instruction related to a prior felony conviction. Id. at 477-479(a), (b). As noted in Division 10, there was a limiting instruction given in this case on this issue. At no point does the *Starling* case suggest that counsel is deficient for seeking a limiting instruction during jury instructions instead of a curative instruction when the evidence is introduced. See id. at 477-478(a). Because Tolbert cites no authority to suggest that the limiting instruction here was insufficient, he has not demonstrated error by the record and this enumeration is also abandoned for the reasons set forth in Division 2. See *Gordon v. State*, 373 Ga. App. 592, 600(2) (908 SE2d 297) (2024) ("The burden is always on the appellant in asserting error to show it affirmatively by the record[.]") (citation and punctuation omitted).

13. Tolbert asserts that he received ineffective assistance because his counsel permitted the photo line-up, with the victim's written commentary, to go to the jury without objection. In Division 6, we concluded that Tolbert had abandoned any argument that the trial court violated the continuing witness rule because he failed to support his argument with legal authority. We conclude that Tolbert has also abandoned this enumeration by again failing to provide any legal authority to support his argument. Tolbert cites *Evans v. State*, 253 Ga. App. 71 (558 SE2d 51) (2001), for the contention that this Court "held that submission of such documents to the jury without objection forfeits a critical safeguard." The *Evans* case, however, says nothing about critical safeguards, nor does the case analyze the continuing witness rule in any substantive way. See *Evans*, 253 Ga. App. at 75(1) (concluding, without analysis, that to the extent appellant raised a continuing witness objection, it was waived). Because Tolbert has not demonstrated by the record that his counsel was deficient for failing to object to this evidence going into the jury room, this argument is abandoned. See *Finnegan v. State*, 371 Ga. App. 756, 759(1) (903 SE2d 141) (2024) (concluding that a defendant abandoned ineffectiveness claims for failing to make any meaningful legal argument or provide record citations to support this claim of error).

14. Tolbert next argues that his trial counsel was ineffective by agreeing to omit forcible felony from the justification instruction. In Division 5, we concluded that he had abandoned any argument that the instruction given on justification was erroneous. Tolbert's conclusory and unsupported argument in this enumeration also fails for the same reason. Moreover, we note that the only case Tolbert cites in this enumeration is *Laney*, 184 Ga. App. at 463, again without any cautioning that the authority was expressly disapproved of by the Supreme Court decades ago. See *Holmes*, 273 Ga. at 647(4).

15. Tolbert asserts that he received ineffective assistance because his trial counsel failed "to argue accident as a defense during [the] charge conference[.]" Because Tolbert has not cited any meaningful authority in this enumeration,[5] it is unclear how this enumeration is different from the argument we rejected in Division 11. Regardless, because the argument is wholly unsupported, it is abandoned for the same reason.

---

[5] We note that Tolbert cites *Taylor*, 316 Ga. at 17, and *Ross*, 279 Ga. at 365, again in this enumeration regarding the use of his prior felony conviction. As we observed in Division 9, where Tolbert inexplicably cited these same cases for propositions of law that were not supported by the cases, his citation to these cases in this enumeration appears to be just as irrelevant.

16. Finally, Tolbert asserts that the cumulative effect of his trial counsel's deficiencies and the trial court's errors deprived him of a fair trial. Our Supreme Court has concluded that we must "consider collectively the prejudicial effect of trial court errors and any deficient performance by counsel — at least where those errors by the court and counsel involve evidentiary issues." *State v. Lane*, 308 Ga. 10, 14(1) (838 SE2d 808) (2020). "However, when reviewing a claim of cumulative prejudice, we evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors." (Citation and punctuation omitted.) *Ash v. State*, 312 Ga. 771, 796(6) (865 SE2d 150) (2021). Here, this Court has assumed for the purposes of the analysis that Tolbert's trial counsel was deficient for only a single reason (failing to bifurcate the trial or stipulate to the prior felony conviction), and we concluded in Division 10 that there was no evidence of prejudice. In addition, Tolbert has not demonstrated that the trial court erred in any respect. Because Tolbert has failed to show any other deficient conduct by his trial counsel or errors by the trial court, we have no basis for evaluating cumulative error. See *Ash*, 312 Ga. at 797(6). Therefore, this claim also fails.

17. As noted throughout this opinion, Tolbert's brief is replete with references to cases which do not support the contentions for which he cites them, including occasions where the cases cited are actually contrary to his argument. We are particularly concerned with his reliance on purported direct quotations presumably drawn from our cases but which do not actually appear in those cases cited. We are similarly troubled by Tolbert's reliance on authority which has been expressly overruled. Furthermore, we have found at least two occasions where his appellate attorney Shelnutt cited to the record for direct quotations which do not appear in the record. We find that Shelnutt's lack of candor and failure to comply with the rules of this Court have frustrated his client's ability to appeal his convictions.

We make no factual findings here as to how or why Shelnutt provided inappropriate authority to this Court, but we conclude that such misrepresentations exist and this appeal is frivolous as a result. See *Shahid v. Esaam*, 376 Ga. App. 145, 149(2) (918 SE2d 198) (2025) (imposing a $2,500 frivolous appeal sanction where appellant provided 11 "bogus" case citations out of 15 total). While the rules of this Court do not authorize a monetary sanction in criminal cases, see Court of Appeals Rule 7(e)(2), we are extremely concerned about the lack of candor demonstrated by

22

Shelnutt, especially when his conduct has frustrated his client's ability to contest his convictions in our Court. This is particularly true where Shelnutt's client has waited approximately 13 years to have his case reviewed in this Court. We expect better from attorneys who practice before us.

It may be that some of the issues raised by this appeal have merit, but in this case, Tolbert's appellate counsel has failed to convey any such merit within the framework established by Georgia law or the rules of this Court.[6] Consequently, we order Shelnutt to serve this opinion on his client. We also order Shelnutt to serve this opinion on the General Counsel of the State Bar of Georgia for further investigation, and, if necessary, disciplinary action. Shelnutt has ten days from the issuance of this opinion to file a certificate of compliance in this Court. While Shelnutt does not appear to have any other pending cases before our Court, if he has any future cases docketed, he must endeavor to comport himself with our rules, as further violations may subject him to contempt proceedings and jeopardize his authority to practice in

---

[6] We note that despite our observations of Shelnutt's misconduct in this case, this Court may not intervene to address whether such conduct is ineffective appellate counsel. See *Wilson v. State*, 286 Ga. 141, 144(4) (686 SE2d 104) (2009) ("[T]he only means by which [Tolbert] may pursue such a claim of ineffective appellate counsel is a habeas corpus proceeding.") (citation and punctuation omitted).

this Court. See *We Care Transp. v. Branch Banking and Trust Co.*, 335 Ga. App. 292, 298(3) (780 SE2d 782) (2015); Court of Appeals Rule 7(a). Additionally, within twelve months of the date of this opinion or before Shelnutt files any further briefs or motions in this Court — whichever occurs first — he must certify with the Clerk of Court that he has completed at least three hours of continuing legal education focused on brief writing.

*Judgment affirmed. McFadden, P.J., and Pipkin, J., concur.*